UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MELISSA TORRES,

    Plaintiff,

        v.                     CIV. NO. 10-1540 (PG)

LICEO EUGENIO MARIA DE HOSTOS,

    Defendant.

## OPINION AND ORDER

Pending before the Court is defendant Liceo Eugenio Maria de Hostos' motion to dismiss (Docket No. 12) and plaintiff Melissa Torres' opposition thereto (Docket No. 13). For the reasons set forth below, the Court **DENIES** the defendant's request.

### I. BACKGROUND

On June 15, 2010, plaintiff Melissa Torres ("Torres" or "Plaintiff"), filed the above-captioned claim against defendant Liceo Eugenio Maria de Hostos ("Defendant" or "the Liceo") seeking redress for alleged discrimination on the basis of sex and pregnancy pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. §§ 2000e *et seq.*, and the Pregnancy Discrimination Act of 1978 ("PDA"), 29 U.S.C. § 2000e-(k). Plaintiff also invokes the supplemental jurisdiction of the court to adjudicate her claims under various Puerto Rico state laws.

In her complaint, the Plaintiff alleges that she exhausted all jurisdictional prerequisites before initiating the instant judicial claim by filing the corresponding charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Puerto Rico Department of Labor's Anti-Discrimination Unit on March 24, 2009. Additionally, Torres claims to have filed the instant complaint within ninety (90) days of receiving the EEOC's Notice of Right To Sue ("the Notice"). See Docket No. 1 at ¶ 5. According to Plaintiff, she started working for Defendant on August 1, 2008 as a mathematics teacher. She began working on a probationary basis, but obtained her permanency on November 1, 2008. Torres claims that on January 29, 2009, she reported to the State Insurance Fund ("SIF") as a result of an emotional crisis caused by unfounded reprimands in

the workplace. Notwithstanding, she returned to work on March 2, 2009 after receiving a written authorization from the SIF to return to work while still under treatment. However, the Defendant allegedly terminated her employment after she met with the school's owners upon her return to inform them of the SIF's authorization and to tell them that she was pregnant. Defendant alleged that she was being terminated due to the students' parents' complaints, an allegation that Torres denies. On the contrary, it is Plaintiff's contention that she was discharged because of her pregnancy and in retaliation for filing a claim with the SIF. See Docket No. 1.

Shortly after filing an answer to the complaint (Docket No. 7), the Defendant filed a motion to dismiss arguing that the instant claim is time-barred to the extent it was filed after the applicable 90-day period after the receipt of the EEOC's Notice. In her opposition, though, the Plaintiff submits her claim was timely filed. See Docket No. 13.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of

Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

      "In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, --- F.3d ----, 2011 WL 1228768, at *9 (1st Cir. April 1, 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 2011 WL 1228768 at *9 (citing Iqbal, 129 S.Ct. at 1951).

      When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 2011 WL 1228768 at *9 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the

inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." <u>Ocasio-Hernandez</u>, 2011 WL 1228768 at *9.

### III. DISCUSSION

"Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin." <u>Ricci v. DeStefano</u>, 129 S.Ct. 2658, 2672 (2009). Pursuant to Title VII, a plaintiff is required to exhaust his/her administrative remedies before suing in federal court, including by filing a complaint with the Equal Opportunity Employment Commission. See <u>Uphoff Figueroa v. Alejandro</u>, 597 F.3d 423, 431 (1st Cir.2010) (<u>quoting</u> <u>Frederique-Alexandre v. Dep't of Natural & Envtl. Res.</u>, 478 F.3d 433, 440 (1st Cir.2007); <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 564-65 (1st Cir.2005)). Hence, a federal entity "may only be sued in federal court if the aggrieved employee or applicant for employment has exhausted all available administrative remedies." <u>Misra v. Smithsonian Astrophysical Observatory</u>, 248 F.3d 37, 40 (1st Cir.2001).

"The [EEOC] was assigned the responsibility of establishing the mechanisms and deadlines for employees and applicants to employment to initiate the administrative process for claims based on discrimination encompassed within Title VII." <u>Colon v. Mills</u>, 646 F.Supp.2d 224, 233 (D.P.R. 2009) (<u>citing</u> 42 U.S.C. § 2000e-16(b)). Pursuant to authority granted under the statute, the EEOC has issued regulations requiring a federal employee to initiate contact with an EEOC counselor within 45 days of the alleged discriminatory act, and then file an administrative complaint with the agency prior to filing suit in federal court. See 29 C.F.R. § 1614.105. "Failure to contact the counselor within the 45-day term provided by the regulations causes plaintiff to lose the right to subsequently bring suit in court." <u>Colon v. Mills</u>, 646 F.Supp.2d at 234 (<u>quoting</u> <u>Roman-Martinez v. Runyon</u>, 100 F.3d 213, 217 (1st Cir.1996)). The aggrieved person must then file a judicial complaint within 90 days of receipt of notice of the final action taken by the agency. See 42 U.S.C. § 2000e-16(c).

In its motion to dismiss, the Defendant argues that Torres' claim should be dismissed inasmuch as the EEOC's Notice was issued on March 4, 2010 and the complaint was filed 103 days later on June 15, 2010, that is, well outside the statutory 90-day term. The Defendant claims to have received the Notice on March 9, 2010, and if presumably Plaintiff received it on that same date, the complaint should have been filed by June 7, 2010. According to the Defendant,

the complaint is thus time-barred. See Docket No. See Docket No. 12. The Plaintiff opposed the Defendant's request for dismissal submitting proof that she did not receive the EEOC's Notice until March 22, 2010, and thus, her complain was timely filed. See Docket No. 13.

As previously stated, the aggrieved person must file a judicial complaint within 90 days of **receipt** of notice of the final action taken by the EEOC. See 42 U.S.C. § 2000e-16(c). In addition, this district has previously held that in cases in which the date of a Title VII claimant's receipt of a right-to-sue letter or notice of dismissal is either disputed *or cannot be established*, FED.R.CIV.P. 6(d) creates a presumption that the communication was received by the plaintiff three days after it was issued by the EEOC. See Vargas-Caban v. Sally Beauty Supply Co., 476 F.Supp.2d 109, 113-114 (D.P.R. 2007) (citing Sanchez Ramos v. P.R. Police Dept., 392 F.Supp.2d 167, 175 (D.P.R.2005)). See also Hill v. Textron Auto Interiors, Inc., 160 F.Supp.2d 179, 183 (D.N.H.2001) ("In the absence of evidence to the contrary, courts will presume that a plaintiff received his or her right-to-sue letter three days after the EEOC mailed it").

However, contrary to what the Defendant purports in its request for dismissal, the three-day presumption is inapplicable here because the Plaintiff has been able to establish her receipt of the Notice. It stems from the exhibits the Plaintiff submits that it was not until March 22, 2010 that she did indeed receive the Notice, and thus, she had until June 21, 2010[1] to file a judicial complaint. See Docket No. 13-2. Inasmuch as the complaint was filed on June 15, 2010, the Court finds that Torres' claim is not time-barred.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Docket No. 12) is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 1, 2011.

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE

---

[1] The 90th day was June 19, 2010, which was a Saturday, and thus the period continued to run until the end of the next day that was not a Saturday, Sunday or legal holiday, in this case June 21, 2010.